IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.    07 CR 364-5 |
| v. | ) | |
| | ) | Judge Wayne R. Andersen |
| JANIS MURNIEKS | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant, JANIS MURNIEKS, by and through his attorney, MICHAEL S. O'MEARA, respectfully files the following Sentencing Memorandum.

**I. INTRODUCTION**

Mr. Murnieks pleaded guilty to one count of obstruction of justice on October 10, 2007 (Count Nine of the Indictment).  Mr. Murnieks has been detained since June 15, 2007 and is currently in custody at the Kankakee County Jail where he has spent the majority of his time during his incarceration.  His sentencing his scheduled for January 18, 2008 at 9:30 a.m.

**II. SENTENCING ANALYSIS**

Although this Court must consider the guideline range under *United States v. Booker*, 125 S. Ct. 738 (2005), Mr. Murnieks strongly urges this Court to sentence him below the advisory guideline range by determining the appropriate sentence in light of the factors set forth in 18 U.S.C. § 3553(a).  Given the nature and circumstances of the offense, Mr. Murnieks requests that this Court reject

1

the guideline range of 10-16 months as unreasonably high and sentence him to the time he has already served to date which is more than 7 months.

### A. PURSUANT TO § 3553(A) FACTORS, MR. MURNIEKS SHOULD BE SENTENCED BELOW THE GUIDELINE RANGE.

Since *Booker*, the guideline range is only one of a number of factors to be considered under 18 U.S.C. § 3553(a) (West 2003). *See Booker*, 125 S. Ct. at 759 (relying on § 3553(a)(1)'s text stating that the court will consider "the nature and circumstances of the offense and the history and characteristics of the defendant."); *see also United States v. Ranum*, 353 F. Supp. 2d 984, 985 (E.D. Wis. 2005) (Adelman, J.).

#### 1. HISTORY AND CHARACTERISTICS

The guidelines generally forbid courts from considering factors such as a defendant's age, education and vocational skills, mental and emotional condition, physical condition, employment record, family ties and responsibilities, socio-economic status, civic and military contributions, and lack of guidance as a youth. *Ranum*, 353 F. Supp. 2d at 986 (citing corresponding guideline provisions). The guidelines, therefore, do not address Mr. Murnieks' "history and characteristics." Subparagraph (1) of 18 U.S.C. § 3553(a), however, requires courts to consider "the history and characteristics of the defendant" and pursuant to *Booker,* this Court is allowed to review Mr. Murnieks' history and characteristics. *Booker*, 125 S. Ct. at 759.

Mr. Murnieks is a healthy young male in good physical condition with no history of mental problems. He grew up in Latvia under an oppressive

government. Mr. Murnieks is the product of a broken home, and beginning at the age of 12 Mr. Murnieks' mother prevented him from seeing his father. Despite his parents' divorce and his mother's attempts to prevent him from seeing his father, Mr. Murnieks maintained a close bond with his father. Mr. Murnieks also succeeded in maintaining very strong relationships with his other family members, including his sisters. Unfortunately, his mother's behavior deeply affected Mr. Murnieks and caused him to resent her. Additionally, growing up in Latvia was very difficult for Mr. Murnieks due to its oppressive environment. Mr. Murnieks always hoped for a better life, for freedom from oppression, so at the first opportunity in 1997 he traveled to the United States on a tourist visa. He subsequently applied for and was granted an extension on his visa to remain in the United States for several additional months. Unfortunately, Mr. Murnieks was not diligent enough in requesting additional time to stay in the United States after his first extension was due to expire. As a result, his extension expired, but he continued to remain in the United States.

Mr. Murnieks is married to Erika Birmane whom he has known for 12 years. Ms. Birmane wrote a letter on behalf of her husband wherein she noted that he is a hard working and kind person who had been burdened with considerable family responsibility at an early age. (see reference letter from Erika Birmane). Although Mr. Murnieks holds some resentment toward his mother, he loves her. Moreover, it is quite apparent that his mother loves him. (see reference letter from Zinaida Zarina, mother of Janis Murnieks).

Mr. Murnieks has always been a productive member of society. He has consistently been employed helping others such as when he was a snow board instructor. It is apparent that his co-workers find him to be a dedicated, hard worker. (see reference letter from Florin Tulcan). Mr. Murnieks has a solid background of helping others in both his personal life and professional life. (see all reference letters submitted). Mr. Murnieks' background and characteristics demonstrate that he will continue to serve others and be a positive influence on those around him.

### 2. THE "PARSIMONY PROVISION"

Pursuant to § 3553(a), courts are required to "impose a sentence sufficient, *but not greater than necessary*, to comply with the purposes set forth in paragraph (2)." 18 U.S.C. § 3553(a) (emphasis added); *see also Ranum*, 353 F. Supp. 2d at 986 & n.1. This is known as the parsimony provision that requires courts to impose the *minimum* sentence necessary to accomplish the following purposes enumerated in paragraph § 3553 (a)(2):

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant;
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2) (West 2003).  These purposes substantially correspond to the four objectives of criminal punishment: retribution, deterrence, incapacitation, and rehabilitation.

### a. RETRIBUTION

As to purpose (A), the crime that Mr. Murnieks has been convicted of is obstruction of justice.  Essentially, Mr. Murnieks was dishonest with immigration officials in an effort to remain in the United States.  Mr. Murnieks was approached by an acquaintance who knew that he remained in the United States illegally, and this acquaintance arranged for Mr. Murnieks to obtain legal status through dishonest means. When the opportunity of remaining in the United States presented itself to Mr. Murnieks, he sadly allowed the dream of continuing to live in America, in freedom, to cloud his judgment and decision-making capabilities.  At the time he engaged in his wrongdoing, Mr. Murnieks did not believe he was hurting anyone.  However, he has come to realize that his actions not only hurt society as a whole, but his own well being. It should be noted that Mr. Murnieks did not attempt to arrange for other people to remain in the United States through dishonest means.

Due to his arrest, there is an immigration "hold" on Mr. Murnieks. Immigration will clearly seek to deport Mr. Murnieks back to Latvia.  Mr. Murnieks has hired an immigration lawyer and will be taking the necessary measures after his sentence to consent to his deportation.  Even if Mr. Murnieks consents to his deportation, it could take several weeks before he is deported.  As a result, Mr.

Murnieks will still be in custody even if this Court were to sentence him to time considered served.

When Mr. Murnieks was arrested for his wrongdoing, he quickly accepted responsibility for his actions and cooperated fully with law enforcement. Punishment for these types of offenses certainly needs to be serious enough to promote respect for the law. However, the punishment does not have to be unduly harsh to accomplish that goal. Based on assertions made by the Government concerning the plea agreement, the facts of this case correspond with a resulting guideline range of 10 – 16 months. This sentence is unduly harsh and exceeds the *minimum* sentence necessary to achieve the goal of retribution. The objective of retribution or justice can clearly be achieved if Mr. Murnieks is sentenced to a term of 7 months, especially in light of the fact that Mr. Murnieks was approached by an acquaintance who arranged for him to become involved in an illegal activity, and due to Mr. Murnieks' positive behavior once arrested. Further, even if Mr. Murnieks is sentenced to time considered served, he would continue to be held in custody until his deportation which could take several more weeks.

### b. DETERRENCE/ INCAPACITATION

As to purpose (B), deterrence is generally divided into two subcategories: (1) specific and (2) general. Specific deterrence, of course, is to deter Mr. Murnieks from ever committing such a crime again. The time Mr. Murnieks has already served, over 7 months, has already accomplished this objective. Mr. Murnieks has been physically and emotionally incarcerated for over 7 months.

Most of his time has been served at the Kankakee County Jail. The time Mr. Murnieks has been incarcerated in and of itself would deter him from committing this type of crime again or any other type of crime. The loss of his freedom has been particularly painful to Mr. Murnieks because prior to being arrested he enjoyed the freedom of being outdoors, and he engaged in many outdoor activities including snowboarding. Having been incarcerated for over 7 months has allowed Mr. Murnieks the significant time to reflect on both his past activities as well as to plan his positive, productive activities when he is released.

In addition, as a result of his arrest and incarceration of over 7 months, Mr. Murnieks has been separated from his wife, friends, and family. He has further lost the opportunity to work and earn money as well. Mr. Murnieks, someone who has never been arrested before, is forever deterred from committing any type of crime in the future as a result of his more than 7 months of incarceration.

As to the issue of general deterrence, a message needs to be sent to the community at large that the crime of which Mr. Murnieks has been convicted will not be tolerated and will be punished. However, it is the *certainty* of punishment, not its severity that deters crime. *See United States v. Kloda,* 133 F. Supp. 2d 345, 347-48 (S.D.N.Y. 2001) (Hellerstein, J.) (in context of business crimes). It is important for information to be disseminated in the community that individuals involved in dishonesty with immigration officials will most likely be caught and incarcerated. Clearly, incarceration of over 7 months for this type of behavior sends a message to the community that will result in a general deterrence from engaging in this type of behavior.

### c. REHABILITATION

The United States' legal process and the justice system itself, where Mr. Murnieks has endured over 7 months of incarceration, have rehabilitated him. Over the last 7 months, Mr. Murnieks has had a significant amount of time to reflect on his actions. During his time in jail, Mr. Murnieks has been an ideal inmate. He has had no behavioral problems. Further, since being arrested, Mr. Murnieks has realized that he has committed a crime which has a negative impact on society as well as himself. Knowing this and understanding that he will never allow himself to make such poor decisions in the future, Mr. Murnieks believes that a sentence of the time he has already served will allow him to once again be a positive and productive member of society.

### 3. RESTITUTION

As stated in the PSR it does not appear that Mr. Murnieks has the ability to make any payment toward community restitution or a fine. Therefore, Mr. Murnieks submits that restitution or a fine is not an appropriate remedy in this case.

### III. CONCLUSION

Accordingly, Mr. Murnieks requests that he be sentenced below the sentencing guidelines. Even if Mr. Murnieks is sentenced below the guidelines, he would still be held accountable for his crime. The loss of his freedom for over 7 months, the embarrassment of having been arrested and jailed in America, the loss of employment opportunities, the loss of income, the loss of some of the friendships he has cultivated during his stay in America, the separation from his

wife and the inevitable loss of the opportunity to ever visit America again are only a few of the many reasons why justice would be served by sentencing Mr. Murnieks to time considered served. Based on the history and characteristics of Mr. Murnieks balanced with the need for retribution, deterrence, and rehabilitation, Mr. Murnieks humbly requests that a sentence to time considered served be imposed.

                                          Respectfully submitted,

                                          s/ Michael S. O'Meara
                                          Michael S. O'Meara for
                                          JANIS MURNIEKS

Law Office of Michael S. O'Meara
1235A North Clybourn Ave.
Ste. 346
Chicago, IL 60610
312.909.0706

**CERTIFICATE OF SERVICE BY ELECTRONIC FILING**

I hereby certify that I electronically filed the foregoing *Sentencing Memorandum,* with the Clerk of the Court using the CM/ECF system on this 8th day of January, 2007, which constitutes service on all parties named on the electronic service list as registered filing users in the United States of America v. Jeremy Starnes, et al. cases.

                                                 s/ Michael S. O'Meara
                                                 Michael S. O'Meara

**CERTIFICATE OF SERVICE OF JUDGE'S COPY**

I, Michael S. O'Meara, certify that on the 9th day of January, 2008, I caused a judge's copy of the foregoing *Sentencing Memorandum*, to be filed and dropped in the wooden drop box on the 20th floor located at 219 S. Dearborn Street, Chicago, IL. 60604. A second copy was hand delivered on January 9, 2008 to:

                      Judge Wayne R. Andersen
United States District Court – Northern District of Illinois
                        219 S. Dearborn Street
                            Courtroom 1403
                            Chicago, IL  60604

                                               s/ Michael S. O'Meara
                                               Michael S. O'Meara